IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JASON M. GATEWOOD,  )  <br>     Petitioner,  ) <br> ) <br> v.  ) <br> ) <br> ) <br> J.C. STREEVAL,  ) <br>     Respondent.  ) | Civil Action No. 7:21-cv-00003 <br><br> By: Elizabeth K. Dillon <br>     United States District Judge |

**MEMORANDUM OPINION**

Jason M. Gatewood, a federal inmate proceeding *pro se*, filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, alleging that his continued detention is unconstitutional. Gatewood asserts that under *Rehaif v. United States*, __ U.S. __, 139 S. Ct. 2191 (2019), his 2010 conviction under 18 U.S.C. § 922(g) is invalid. *See In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000) (hereinafter "*Jones*") (allowing § 2241 challenge to federal conviction). Respondent has filed a response in opposition, arguing that the petition should be dismissed because the court lacks jurisdiction over it, Gatewood has procedurally defaulted his claims, and his claims fail on the merits.

For the reasons set forth herein, the court concludes that jurisdiction is lacking over Gatewood's § 2241 petition. Thus, the court will grant respondent's motion and dismiss the petition without prejudice for lack of jurisdiction.

I. BACKGROUND

In February 2010, Gatewood was charged in a three-count indictment in the Western District of Kentucky, in Case No. 1:10-CR-00007.[1] It charged him with knowingly and intentionally possessing with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1)

---

[1] The court will cite to docket entries in the underlying criminal case as "*Gatewood*, ECF No. ___." Citations to docket entries in the case at bar will appear in parentheses as "Dkt. No. ___."

and (b)(1)(C) (Count One); carrying a firearm during and in relation a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Two); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count Three).

Gatewood elected to go to trial, and the jury convicted him on all three counts. At trial, he entered into a stipulation pursuant to *Old Chief v. United States*, 519 U.S. 172, 191 (1997), which allows a defendant to admit to his felony status, which then precludes the government from offering other evidence to prove the prior conviction to the jury and spares the defendant from having the "name and nature" of his prior felony convictions disclosed to the jury. *United States v. Williams*, 461 F.3d 441, 443 (4th Cir. 2006). The trial transcript reflects that, in the stipulation, he acknowledged that before the date of his offenses he had been convicted of a felony punishable by more than a year in prison. (Trial Tr., Vol. I, at 193–94, Dkt. No. 9-1; Stipulation, Dkt. No. 9-2.)

The sentencing court determined that Gatewood should be sentenced as an armed career criminal because he had three prior serious drug offenses. *See* 18 U.S.C. § 924(e) (setting forth enhanced sentences for persons with three prior serious drug offenses or violent felonies). These three drug offenses were also the underlying felonies that made Gatewood's possession of a firearm illegal.

Specifically, in 1997, Gatewood pled guilty to three first-degree felonies in the Warren Circuit Court in Bowling Green, Kentucky. Each one was a conviction for trafficking in a controlled substance (cocaine), and each offense occurred on different dates. (Presentence Investigation Report (PSR) ¶¶ 32–34, Dkt. No. 9-3.) He was sentenced for all three offenses on August 18, 1997, and the court imposed a sentence of 8 years' custody on each conviction, to be served concurrently with each other. According to the PSR, Gatewood was incarcerated for

more than three years before being paroled.  On two separate occasions after being paroled, he was returned to custody as a parole violator.  (*Id.*)  On the first of these, he remained in custody for more than a year; on the second, he remained in custody for approximately ten months.  Thus, in total, he served nearly five years on each of the offenses, run concurrently.

For his federal offenses, the court sentenced him to a total of 240 months, consisting of 60 months in custody on Count One, 180 months on Count Two, to run concurrent with Count One, and 60 months on Count Three (the felon-in-possession count), to run consecutive to the other two sentences.  *Gatewood*, ECF Nos. 84, 85.  Gatewood appealed, but his conviction and sentence were affirmed on appeal in a decision issued on January 29, 2013.  *United States v. Gatewood*, No. 11-6162 (6th Cir. 2013); *Gatewood*, ECF Nos. 69-1, 69-2.

In March 2014, Gatewood filed a motion to vacate pursuant to 28 U.S.C. § 2255, which was denied.  *Gatewood*, ECF Nos. 102, 110, 111.  Gatewood later attempted to file second or successive § 2255 motions, but the Sixth Circuit denied his requests each time.  *See, e.g.*, *In re Jason Gatewood*, No. 17-6252 (6th Cir. Feb. 7, 2018) (Order); *In re Jason Gatewood*, No. 17-5569 (6th Cir. Sept. 5, 2017) (Order denying permission to file § 2255 motion based on *Mathis v. United States*, 579 U.S. 500 (2016), because he was sentenced under the Armed Career Criminal Act based on having three prior "serious drug offenses, not "violent felonies"); *In re Jason Gatewood*, No. 16-5849 (6th Cir. Jan. 4, 2017) (Order denying permission to file a § 2255 motion based on *Johnson v. United States*, 576 U.S. 591 (2015), for like reasons).[2]

Gatewood's habeas petition, pursuant to 28 U.S.C. § 2241, was received by the Clerk of this court on January 4, 2021.  Respondent has filed an opposition and a motion to dismiss (Dkt. No. 9), and Gatewood has filed a response (Dkt. No. 13).

---

[2] Gatewood also filed other post-conviction motions in his underlying criminal case, but none resulted in any change to his conviction or sentence.

3

### B. Gatewood's *Rehaif* Claim

In his petition, Gatewood challenges his felon-in-possession conviction, pursuant to 18 U.S.C. § 922(g). Section 922(g) makes it unlawful for certain individuals to possess firearms. "The provision lists nine categories of individuals subject to the prohibition, including felons . . . . A separate provision, § 924(a)(2), adds that anyone who '*knowingly*' violates the first provision shall be fined or imprisoned for up to 10 years." *Rehaif*, 139 S. Ct. at 2194; *see also* 18 U.S.C. § 922(g). In *Rehaif*, the Supreme Court held that "the word 'knowingly' applies both to the defendant's conduct and to the defendant's status. To convict a defendant, the Government therefore must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." 139 S. Ct. at 2194.

Gatewood asserts that, pursuant to *Rehaif*, he "is actually innocent of violation § 922(g) [because] he did not know that he fell into the categor[y] of persons to whom . . . the offense applies [and] there was no evidence put forth that Gatewood knew" he fell into the prohibited category. (Pet. 9, Dkt. No. 1.) He points out that the indictment did not contain "the *Rehaif* element," he was not advised of it prior to trial, he did not stipulate to that element, the jury was not charged on it, and the government was not required to prove it and did not prove it. (*Id.* at 8–9.) He thus requests that his conviction be dismissed and that he be granted immediate release. (*Id.* at 11.)

## II. DISCUSSION

### A. The Court Lacks Jurisdiction Over Gatewood's § 2241 Petition.

Typically, a petitioner challenging the validity of his conviction or sentence must proceed under 28 U.S.C. § 2255 in the district where he was convicted. However, the "savings clause" in § 2255 allows a prisoner to challenge the validity of his conviction and/or his sentence by filing a

§ 2241 petition for writ of habeas corpus, if he demonstrates that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).[3] "[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (internal citations omitted).

In *Jones*, the Fourth Circuit explained that § 2255 is "inadequate or ineffective" to test the legality of a conviction when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

328 F.3d at 333–34.

The requirements of the savings clause are jurisdictional. *United States v. Wheeler*, 886 F.3d 415, 423 (4th Cir. 2018). Thus, a § 2241 petitioner relying on the savings clause to challenge his conviction must satisfy each prong of the *Jones* test for the district court to have jurisdiction to evaluate the merits of the petitioner's claims. *Id.* at 426–29. Although the court must apply the procedural standard in *Jones*, "[i]n evaluating the substantive law in a § 2255(e) savings clause analysis, the court must 'look to the substantive law of the circuit where a defendant was convicted.'" *Hahn v. Moseley*, 931 F.3d 295, 300–01 (4th Cir. 2019). In this case, Gatewood was convicted in the Western District of Kentucky, which is within the Sixth Circuit. Thus, Sixth Circuit substantive law governs Gatewood's petition, but the court looks to Fourth Circuit law concerning the availability of § 2241. *See id.*

---

[3] This provision "is commonly referred to as the 'savings clause' as it arguably saves § 2255 from unconstitutionally suspending habeas corpus." *Lester v. Flournoy*, 909 F.3d 708, 711 (4th Cir. 2018).

Respondent's motion to dismiss first notes that respondent disagrees with the Fourth Circuit's "substantive framework" as to what claims can be brought in a § 2241 petition and believes that "*Jones* and its progeny are wrongly decided," preserving that issue for appeal. (Mot. Dismiss 9, Dkt. No. 9.) Respondent next moves to dismiss the petition based on the court's lack of jurisdiction. In particular, although respondent acknowledges that Gatewood's claim satisfies the first and third *Jones* requirements, (*id.* at 10 n.6), he argues that Gatewood's § 2241 petition fails to meet the second. (*Id.* at 15–17.) Respondent also contends that, even if the court had jurisdiction, Gatewood has procedurally defaulted his claims and failed to show cause and prejudice or "actual innocence" so as to overcome that default. (*Id.* at 17–26.) Lastly, respondent maintains that Gatewood's *Rehaif* claim fails on its merits. (*Id.* at 26–28.)

As part of the jurisdictional arguments, respondent dedicates a large portion of his brief to discuss the Fourth Circuit's decision in *Hahn v. Moseley*, 931 F.3d 295 (4th Cir. 2019), and its potential impact on the second requirement of *Jones*. Respondent argues that *Hahn* improperly—and in contrast to a number of prior Fourth Circuit decisions analyzing § 2241 claims under *Jones*—appears to treat the *Jones* requirements not as jurisdictional, but as if satisfying them entitled a petitioner to relief. He points out that *Hahn* "is ambiguous whether a showing that a change in substantive law rendered *this* defendant's conviction non-criminal is a component of *Jones*'s jurisdictional analysis or whether it is a separate merits question." (Mot. Dismiss 10.) As another court explained, in addressing apparently similar briefing from respondent before it,

> Respondent submits [that] *Hahn* can be read in two ways: (1) as requiring a district court to assess a petitioner's specific conduct to determine whether it remains criminal under a newly pronounced interpretation of law; or (2) as stating that any change to the substantive boundaries of a criminal offense satisfies the second element of *Jones*, clearing the path for . . . a court to conduct a

6

> merits analysis of whether the petitioner's conduct truly was
> criminal or vacatur of his conviction is appropriate.

*Albritton v. Warden, FCI Petersburg*, No. 1:20CV302, 2021 WL 3432845, at *2 (E.D. Va. Aug. 4, 2021).

*Hahn* involved a change in the law quite different from *Rehaif*. *Rehaif* clarified the mens rea element of a § 922(g) offense (or, as some courts see it, added an element, *see Pleasant v. Streeval*, No. 7:20-CV-00233, 2022 WL 212704, at *2 (W.D. Va. Jan. 24, 2022)). By contrast, *Hahn* dealt with a change in Tenth Circuit law that disallowed a charge altogether unless that charge was based on different conduct than the defendant's other charges of conviction. *See generally Hahn* (discussing *United States v. Rentz*, 777 F.3d 1105 (10th Cir. 2015)). The way in which *Hahn* conducted its *Jones* analysis may have flowed in part from that distinction.

In any event, to the extent that some of the language in *Hahn* is inconsistent with prior published panel decisions, the court must follow the earlier precedent. *McMellon v. United States*, 387 F.3d 329, 333 (4th Cir. 2003) (en banc) ("When published panel decisions are in direct conflict on a given issue, the earliest opinion controls, unless the prior opinion has been overruled by an intervening opinion from [the Fourth Circuit] sitting *en banc* or the Supreme Court."). And the court's reading of those prior cases, which has been followed by many district courts in addressing *Rehaif* claims in the context of § 2241, is that *Jones*'s second prong requires an assessment of the petitioner's conduct to determine whether he was convicted of conduct that is no longer criminal, effectively asking whether the petitioner still could be convicted of that crime after the change in law. *See Albritton*, 2021 WL 3432845, at *3 (noting the lack of clarity in *Hahn*, but following cases that have held that a change in the substantive law is itself

7

insufficient to satisfy the second element of *Jones*).[4] *Cf. Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (describing *Jones* as "delineating the circumstances in which § 2241 may be used to pursue" a claim that a defendant is "actually innocent of [an] offense yet procedurally barred from filing a § 2255 motion").

In particular, many district courts within the Fourth Circuit, including several judges of this court, have held that *Rehaif* did not change substantive law "such that the conduct of which the prisoner was convicted is deemed not to be criminal[,]" *Jones*, 226 F.3d at 334, because that conduct, being a felon in possession of a firearm, is still illegal. *See, e.g.*, *Asar v. Travis*, Civil Action No. 6:20-294-BHH, 2020 WL 3843638, at *2 (D.S.C. July 8, 2020) (concluding that the second *Jones* element was not satisfied because "being a felon in possession of a firearm remains a valid criminal offense" and petitioner admitted the facts essential to a conviction under § 922(g) by pleading guilty), *affirmed as modified*, 858 F. App'x 676 (4th Cir. Sept. 20, 2021) (affirming on the reasoning of the district court and citing to the district court's opinion); *see also Pleasant*, 2022 WL 212704, at *2 (noting that defendant had been convicted of multiple felony

---

[4] If the court were to follow the alternative reading of *Hahn*, then Gatewood's petition would still be denied, albeit on its merits and with prejudice. "For reasons of finality, comity, and federalism, habeas petitioners 'are not entitled to habeas relief based on trial error unless they can establish that it resulted in 'actual prejudice.''" *Davis v. Ayala*, 576 U.S. 257, 267 (2015) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). The Fourth and Sixth Circuits both have held that a petitioner bears the burden of showing he is entitled to habeas relief and to be entitled to relief, he must show that any error was not "harmless," but had a "substantial and injurious effect" on his conviction. *United States v. Smith*, 723 F.3d 510, 517 (4th Cir. 2013); *see also Hendrix v. Palmer*, 893 F.3d 906, 919 (6th Cir. 2018) (explaining that a federal habeas court reviews trial errors for harmlessness, which is determined "under the 'substantial and injurious effect' standard") (citation omitted). Gatewood cannot meet this burden.

As the court's analysis in this opinion makes plain, *see generally infra*, Gatewood does not offer any evidence to support his bald claim that he did not know he was a felon at the time of the offense, and the record contains evidence from which a jury easily could have found that he knew he was a felon. Even if the jury had been properly instructed, then, he has not shown a reasonable likelihood of a different result, let alone a "substantial and injurious" effect on his conviction. So even if the court had jurisdiction, Gatewood would not be entitled to relief. *Cf. Greer*, 141 S. Ct. at 2097 (explaining that to show that a *Rehaif* error affected the "substantial rights" of a defendant who went to trial, the defendant must show that "if the District Court had correctly instructed the jury on the *mens rea* element of a felon-in-possession offense, there is a 'reasonable probability' that he would have been acquitted"); *Neder v. United States*, 527 U.S. 1, 17 (1999) (denying habeas relief where intervening law meant that a jury charge omitted a required element of the offense, where "the omitted element was uncontested and supported by overwhelming evidence, such that the jury verdict would have been the same absent the error [because] the erroneous instruction is properly found to be harmless").

offenses in concluding that the second *Jones* prong was not satisfied); *Albritton*, 2021 WL 3432845, at *3 (concluding petitioner's conduct remained criminal); *Carrucini v. Warden of U.S.P. Lee*, No. 7:19CV00861, 2021 WL 431739, at *4 (W.D. Va. Feb. 8, 2021) (ruling that petitioner's *Rehaif* claim could not proceed under § 2241 because he could not establish the second *Jones* prong); *Erby v. Breckon*, No. 7:18-cv-00588, 2020 WL 1443154, at *7 (W.D. Va. Mar. 24, 2020) (collecting cases holding same), *aff'd*, No. 20-6814, 2021 WL 6101845 (4th Cir. Dec. 22, 2021); *Swindle v. Hudgins*, No. 5:19-cv-300, 2020 WL 469660, at *2 (N.D. W. Va. Jan. 29, 2020) ("Here, the crimes for which petitioner was convicted remain criminal offenses; accordingly, he cannot satisfy the second prong of *Jones*.").[5] *But see Moore v. Warden of FCI Edgefield*, __ F. Supp. 3d __, No. 9:20-cv-02089-TLW, 2021 WL 3828828, at *5–8 (D.S.C. Aug. 27, 2021) (disagreeing with the reasoning of decisions cited in the preceding paragraph and concluding that the second *Jones* requirement was satisfied by a similar *Rehaif* challenge, but nonetheless rejecting the claim both (1) because it was procedurally defaulted and the petitioner could not show "cause and prejudice" or that he was "actually innocent," and (2) because his claim would fail on the merits regardless).

Gatewood summarily states that he did not know he fell into a prohibited category, (Pet. at 9), but he neither identifies nor provides any evidence to support his statement. In addition to Gatewood's failure to point to any evidence to show that he did not know he was a felon, there is ample proof in the record to support the knowledge-of-status element. On this issue, and

---

[5] As is evident from the foregoing citations, two of the cases (*Asar* and *Erby*) have been affirmed by the Fourth Circuit, albeit in unpublished, per curiam decisions. *See also Rhodes v. Dobbs*, 858 F. App'x 658 (4th Cir. Sept. 17, 2021) (affirming district court's denial of § 2241 petition for lack of jurisdiction based on a failure to satisfy the second *Jones* prong and finding no reversible error); *Allen v. Dobbs*, 855 F. App'x 162 (4th Cir. Aug. 10, 2021) (same). The Fourth Circuit has not spoken in a published decision on the issue.

9

although it involved direct appeals rather than collateral attacks, the Supreme Court's decision in *Greer* is instructive.

*Greer* was a consolidated appeal from a Fourth Circuit case, *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020), and an Eleventh Circuit case, *United States v. Greer*, 798 F. App'x 483 (11th Cir. 2020). In the Eleventh Circuit case, the defendant had gone to trial. Like Gatewood did here, Greer had stipulated that he was a felon, and he did not request or receive a jury instruction requiring that the jury find that he knew he was a felon when he possessed a firearm. Contrary to Gatewood's argument here, the Court concluded that the error was not a "structural" one. Instead, it was subject to plain error review, and, to succeed on direct appeal, Greer had to show that, if the district court had correctly instructed the jury on the *mens rea* element, there is a "reasonable probability" that he would have been acquitted. *Id.* at 2097.

In making that determination, the Court noted that a defendant like Gatewood faces "an uphill climb," reasoning that "[i]f a person is a felon, he ordinarily knows he is a felon." *Id.*; *see also id.* ("Felony status is simply not the kind of thing that one forgets.") (citing *Gary*, 963 F.3d at 423 (Wilkinson, J., concurring in denial of reh'g en banc)). The defendants in *Greer* could not meet their burden, and the court's explanation is apt here:

> Before their respective felon-in-possession offenses, both Greer and Gary had been convicted of multiple felonies. Those prior convictions are substantial evidence that they knew they were felons. Neither defendant has ever disputed the fact of their prior convictions. At trial, Greer stipulated to the fact that he was a felon. And Gary admitted that he was a felon when he pled guilty. Importantly, on appeal, neither Greer nor Gary has argued or made a representation that they would have presented evidence at trial that they did not in fact know they were felons when they possessed firearms. Therefore, Greer cannot show that, but for the *Rehaif* error in the jury instructions, there is a reasonable probability that a jury would have acquitted him. And Gary likewise cannot show that, but for the *Rehaif* error during the plea colloquy, there is a reasonable probability that he would have gone

10

to trial rather than plead guilty.

*Id.* at 2097–98.

Like Greer, Gatewood stipulated to being a felon, pursuant to *Old Chief*, 519 U.S. at 191. And Gatewood does not dispute that he is, in fact, a felon. As the *Greer* court noted, demonstrating prejudice under *Rehaif* "will be difficult for most convicted felons for one simple reason: Convicted felons typically know they're convicted felons." *Id.* at 2098 (citation omitted).

Moreover, according to Gatewood's PSR, when he was stopped by law enforcement, found with the weapon, and interviewed at the scene, he "admitted he was a convicted felon and revealed he had served approximately four years in prison for a drug trafficking offense." (PSR ¶ 10.) Also, unlike some defendants who are convicted of a felony but are not sentenced to more than a year, Gatewood received eight-year sentences on each of his prior felonies. *Cf. United States v. Caldwell*, 7 F.4th 191, 213 (4th Cir. 2021) (noting that there could be a case where a felon did not know he was a felon where, for example, he was previously convicted of a crime punishable by imprisonment for a term exceeding one year, but was sentenced to a term less than a year or to probation). Moreover, Gatewood actually served three years after initially being sentenced, and later served more than a year combined after his parole was revoked twice.

Based on the foregoing, the court concludes that Gatewood cannot demonstrate that the conduct for which he was convicted is no longer a crime. *See Jones*, 328 F.3d at 334. Because jurisdiction over his § 2241 petition is lacking, *see Wheeler,* 886 F.3d at 423, the petition must be dismissed without prejudice.

### III. CONCLUSION

For the reasons stated, the court concludes that it lacks jurisdiction over Gatewood's

petition. Accordingly, the court will dismiss the case without prejudice.

Entered: March 18, 2022.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge